### THE GANOGA.

(Circuit Court of Appeals, Second Circuit. January 12, 1905.)

Nos. 108, 109.

Towage—Liability of Tug for Loss of Tow.

A decree adjudging a tug liable for the loss of a tow affirmed, although the evidence was inconclusive, on the ground that the trial court heard and saw the witnesses, and that there was evidence to support its finding that the tug was imprudent in starting out in the condition of the weather, with a tow made up of such vessels as the one in question.

Appeal from the District Court of the United States for the Southern District of New York.

These are appeals from decrees of the District Court, Southern District of New York, holding the steam tug Ganoga in fault for the loss of the canal boat J. T. Hawkes, which she had in tow. The

Hawkes filled and sank while rounding the Battery, the tow being bound from Jersey City to places in the East river. The opinion of the District Court is reported in 130 Fed. 399.

Henry G. Ward, for appellant.

Herbert Green, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. We find it very difficult to dispose of these appeals. Negligence is charged (1) In making up said tow improperly; (2) in starting out in the face of weather conditions apparently endangering the safety of the tow; (3) in keeping on when it was apparent that safety was endangered; (4) in not landing the canal boat as the master requested and prudence required. The District Judge found against the tug on every one of these charges. The evidence, however, is more than usually inconsequential and unpersuasive, and upon the question whether the libelant has sustained the burden of proof the case is so close that different tribunals might well reach different conclusions. As to one—perhaps two—of the charges the proof is so unsatisfactory that we should be inclined to reverse, but as to the others there is evidence to support the charges. The District Judge heard the witnesses, and observed how their testimony was given—an important advantage in this case, where seemingly some of them gave somewhat different accounts at different times. Upon the whole, we do not see how we can reverse on the main charge of fault. We are not satisfied that any of the other methods of making up the tow which have been suggested would have been any safer for the tow as a whole. They would have made it less risky for the Hawes, but more risky for some other boat. But if the boats were such an incongruous assortment that they couldn't be put together more satisfactorily than they were, it might fairly be held imprudent to take them out in weather which, though rough, would not be dangerous for a more homogeneous tow.

Upon the whole, in view of the fact that there is some evidence to support a finding of fault, and that the District Judge saw and heard all the witnesses, we have concluded to affirm, with interest and costs.